ENRIQUE SANTIAGO ROJAS ET AL., Plaintiffs and Appellees,
v. CLOTILDE RÍOS ET AL., Defendants and Appellants.

No. 9740.   Argued December 1, 1948.—Decided December 8, 1948.

*Andrés Mena Latorre* and *A. L. López* for appellants.   *Ángel Fernández Sánchez* for appellees.

MR. JUSTICE SNYDER delivered the opinion of the Court.

Clotilde Ríos filed a suit in the District Court of Caguas against the unknown heirs of María Rojas Mercado, John

Doe and Richard Roe, praying for execution of a deed to certain property. The complaint alleged that María Rojas Mercado had sold Ríos the property for $480, but that the former had died without a will and leaving unknown heirs before she executed the deed.

The unknown defendants were served by publication, their default was noted when they failed to appear, and the district court, after taking testimony, entered a judgment on March 23, 1945 ordering the marshal to execute the deed. On June 20, 1945 the marshal executed a deed to the property in favor of Ríos which was registered. On June 23, 1945 Ríos and his wife sold the property to Rosario Pagán for $1,200, and the deed therefor was also recorded.

On March 16, 1945 Pedro José Rojas Mercado filed an *ex parte* petition in the District Court of Caguas for a declaration of heirs of María Rojas Mercado. After a hearing which was held on March 23, 1945, the district court entered an order, dated April 24, 1945, declaring Pedro José Rojas Mercado, the petitioner, and Enrique Santiago Rojas, the latter in representation of his deceased mother, Felipa Rojas Mercado, the sole and universal heirs of María Rojas Mercado. The court found that the petitioner and the mother of Enrique Santiago Rojas were cousins of the decedent. On August 23, 1945 Pedro José Rojas Mercado died without a will leaving a number of heirs.

On September 6, 1945 Enrique Santiago Rojas and the heirs of Pedro José Rojas Mercado filed the instant suit, praying for (1) the nullity of the proceedings in the suit filed by Clotilde Ríos against the unknown heirs of María Rojas Mercado for execution of a deed to property, (2) the nullity of the deed executed by the Marshal in that case in favor of Clotilde Ríos, and (3) the nullity of the deed executed three days later by Clotilde Ríos in favor of Rosario Pagán.

Although the plaintiffs in this suit for nullity made a number of allegations, including fraud in connection with

the original alleged sale by María Rojas Mercado to Clotilde Ríos, they offered no evidence in support of these allegations at the trial. The only testimony introduced by the plaintiffs was the record in the suit by Ríos for execution of a deed to the property. The only testimony offered by the defendants was the record in the *ex parte* proceeding filed by Pedro José Rojas Mercado for a declaration of heirs of María Rojas Mercado.

The district court entered judgment for the plaintiffs. It held that (*a*) its judgment of March 23, 1945 providing for execution of a deed to the property, (*b*) the action of the marshal in executing a deed in favor of Ríos pursuant thereto, and (*c*) the deed of Ríos in favor of Rosario Pagán, were all null. The basis for this holding was that the district court lacked jurisdiction as in that proceeding the complaint recited on its face that the purchase price of the property was $480.

We need not stop to examine the first and second assignments on appeal. In them the defendants contend that the lower court erred in finding that the plaintiffs herein were the heirs of María Rojas Mercado and that they had the capacity to file this suit. There was sufficient evidence in the proceeding for a declaration of heirship to justify the finding that at least one of the plaintiffs—Pedro José Rojas Mercado—was entitled to bring that proceeding. See §§ 888, 910, Civil Code, 1930 ed.

In their third assignment the defendants contend that the district court erred in holding that it lacked jurisdiction in the proceeding for execution of a deed.

■■ The municipal court has exclusive jurisdiction of a civil suit if the amount in controversy does not exceed $500, provided the subject-matter as here is susceptible of valuation. *United States* v. *Registrar*, 66 P.R.R. 412; *Fermaint* v. *Pizá*, 60 P.R.R. 446; *Pujals* v. *District Court*, 40 P.R.R. 87. However, the defendants argue that this case comes within an exception to this rule laid down in *García*

v. *The Registrar of Guayama*, 23 P.R.R. 394, and *Escobar* v. *Registrar*, 55 P.R.R. 187. Those cases hold that if minors are among the heirs, a suit for execution of a deed must be brought in the district court, even where the property is valued at less than $500.

We cannot agree with the appellants for two reasons. In the first place, the record in the proceeding for declaration of heirship shows that the alleged heirs were both adults. As neither of the alleged heirs was a minor, the jurisdiction of the municipal court was exclusive and the *García* and *Escobar* cases do not apply.

In the second place, the *García* and *Escobar* cases were wrongly decided. As the dissenting opinion in the *García* case, based on the holding in *Flores* v. *The Registrar*, 19 P.R.R. 967, points out, authorization by the district court for sale of a minor's interest in real property is required only in the case of a voluntary sale. There is no reason why a minor who is properly represented may not be sued in the municipal court for execution of a deed to property worth less than $500. In such a case the property is conveyed pursuant to a judgment of the court and not by virtue of a voluntary sale. And that judgment is no different, for present purposes, from a money judgment.

Moreover, the present rule is unsatisfactory because of the uncertainty it creates. A plaintiff with a cause of action against unknown heirs for execution of a deed to property worth less than $500 has no way of knowing in which court to proceed. He and purchasers from him should not be required to run the risk that subsequently discovered heirs may successfully contend that he filed suit in the wrong court. The plaintiff is entitled to know at the time he sues which court has jurisdiction.

In view of the foregoing considerations, the *García* and *Escobar* cases are expressly overruled and the rule laid down in *Flores* v. *The Registrar, supra*, is restored.

The district court did not err in holding that it acted without jurisdiction in the proceeding for execution of a deed.

■ The fourth assignment is that the lower court erred in entering a new judgment *nunc pro tunc* awarding the plaintiffs attorney's fees after the defendants had appealed. The judgment for the plaintiffs, dated September 22, 1947, recited specifically that no attorney's fees were granted. The defendants filed their notice of appeal on September 29, 1947. On October 8, 1947 the district court entered a *nunc pro tunc* judgment awarding the plaintiffs $100 attorney's fees. The defendants correctly contend that while the case was pending on appeal to this Court, the district court had no jurisdiction to award attorney's fees. *Guilhon & Barthelemy* v. *District Court*, 64 P.R.R. 289. The lower court erred in awarding $100 attorney's fees while the appeal was pending.

■■ The fifth assignment is that the district court erred in declaring null the deed in favor of Rosario Pagán on the ground that he was a third party. We are unable to agree with this contention of the appellants. Although the deed executed by the marshal in favor of Ríos is not in the record, the judgment provides on its face that the sales price was $480. And the return of the marshal recites that he executed the deed pursuant to the judgment. We need not determine if the marshal was required to include a verbatim copy of the judgment in the deed. Cf. *Archilla* v. *Registrar*, 61 P.R.R. 47; *Vázquez* v. *The Registrar*, 19 P.R.R. 1074; *Ortiz* v. *The Registrar*, 22 P.R.R. 316; *Ramís* v. *The Registrar of Property*, 11 P.R.R. 254; *Manrique* v. *Registrar of Guayama*, 33 P.R.R. 515; *De León* v. *Pérez et al.*, 54 P.R.R. 202. But Article 9 of the Mortgage Law requires a deed to include the value of the right being recorded. There is therefore a presumption, which has not been rebutted, that the marshal complied with § 9 and included in the deed a recital that the sales price was $480. Pagán, purchasing

from Ríos, was therefore put on notice by the recorded deed from the marshal to Ríos that the title of the latter was null as he obtained it pursuant to a judgment of· the district court which was void on its face. See *De León* v. *Pérez et al., supra,* §§ 33, 34, Mortgage Law and § 242 Code of Civil Procedure, 1933 ed.

■ The sixth assignment contains nothing new except for the question of costs. As the case was correctly decided in favor of the plaintiffs, the lower court did not err in imposing costs.

The judgment of the district court will be modified by eliminating the provision for attorney's fees. As thus modified, the judgment will be affirmed.